# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-CR-212-01 (HHK)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL MEEDER,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO USSG SECTION 5K1.1

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits its memorandum in aid of sentencing. As set forth herein, the United States moves for a 3 level downward departure pursuant to U.S.S.G. sec. 5K1.1 based on defendant's cooperation and substantial assistance in prosecuting another responsible party. The government does not oppose a sentence at the low end of the applicable Guideline range.

## I. Factual Background

Defendant agreed to the following facts at the plea hearing:

The Carnegie Institution of Washington (hereinafter "CIW") is a non-profit scientific research organization that specializes in the physical and biological sciences. CIW is organized into six departments, including the Geophysical Laboratory (hereinafter "Laboratory") located at 5251 Broad Branch Road, N.W., Washington, D.C. The Laboratory is engaged in the basic research and advanced education of earth sciences.

From approximately 1993 until January, 2006, defendant Meeder was employed by the Laboratory as the accounts payable manager. Meeder's job responsibilities included reviewing and reconciling the Laboratory's credit card account statements received monthly from Sam's Club. Some employees of the Laboratory were issued credit cards issued by Diners Club and Sam's Club

to pay to for expenditures incurred in furtherance of the Laboratory's operations. After the Diners Club and Sam's Club credit card account statements were reviewed and inputted in the Laboratory's accounting system, payment checks were prepared by Meeder. The payment checks were signed by one of the three authorized signers which included John Straub, the Laboratory's Business Manager and Meeder's supervisor. The payment checks were then mailed to Diners Club located in The Lakes, Nevada, and to Sam's Club in Carol Stream, Illinois.

Meeder was issued a Diners Club and a Sam's Club credit card by the Laboratory. Meeder was authorized to use the credit cards to pay to expenditures such as office supplies and equipment, gasoline for the Laboratory's vehicles, and travel to attend training classes or seminars.

From in or about May 1, 2002 through January 4, 2006, Meeder used the Diners Club and Sam's Club credit cards issued to him by the Laboratory to pay for personal expenditures he incurred without the consent of CIW. For example, Meeder used the Diners Club credit card to pay for items purchased at Exoticar Models, Sharper Image, AOL Internet service and Chef's Catalog. In addition, Meeder used the Diners Club credit card to pay for vacation expenditures in Orlando, Florida; Honolulu and Kapolei, Hawaii; Las Vegas, Nevada; Nashville, Tennessee and Curacao, Aruba. Meeder used the Diners Club credit card to pay for vacation expenditures such as Walt Disney World admission tickets and merchandise, a Royal Caribbean Cruise, and a Legend of the Seas cruise. Meeder used the Diners Club and Sam's Club credit cards issued to him by the Laboratory to pay for unauthorized personal expenditures that totaled at least $109,000.

Meeder was not authorized by CIW to incur these personal expenses on his behalf. Meeder intentionally misused the CIW issued credit cards to defraud CIW of monies and of his honest services as a CIW employee. To carry out this scheme to defraud CIW, Meeder caused the United

States mails to be used by mailing payments from CIW in Washington, D.C. to businesses outside of Washington, D.C.

When the Sam's Club and Diners Club monthly account statements arrived at the Carnegie Institute, Straub would review them.  Straub would write on the face of the statement which of the CIW acounts individual charges were to be allocated to.  Meeder would perform the same task for the Sam's Club receipts and monthly statements.  Meeder would then physically input the account allocations into the Laboratory's accounting software.  Meeder's and Straub's personal credit card expenditures were processed in the same fashion and allocated to an account known as the Advance account.  The Advance account was supposed to be used to temporarily record personal expenditures incurred by employees of the Laboratory until the employee reimbursed the Laboratory for expenditures.

On a yearly basis, and at the request of the Laboratory's outside auditor, Straub and Meeder would provide the detail that comprised the balances of the expense accounts, including the Advance account, to CIW for reconciliation.

II.  Sentencing Considerations

Defendant committed a series of very serious crimes against his employer.  He parlayed his access to CIW's finances to betray the trust of his employer and his coworkers.  He did so for no other reason than corrupt self-enrichment and he did so at the expense of the organization that had for years provided him stable employment.  He continued to steal for years and stopped only because he was caught.  As a result, he has lost his job and is now and most likely forever a convicted felon.

The Court should, however, be aware of certain mitigating factors.  Defendant elected to enter a pre-indictment plea of guilty and, as part of his plea agreement, agreed to cooperate with the

3

government.  Meeder's supervisor, John Straub, shared at least equal complicity with defendant Meeder.  The government approached Meeder and Straub at the same time concerning their potential criminal liability in this matter.  Meeder entered into a plea agreement before Straub.  Pursuant to the plea agreement, Meeder provided a complete accounting of his and Straub's criminal conduct.  Meeder provided important details about the inner workings of the scheme to defraud CIW.  Meeder truthfully implicated Straub and was prepared to testify against Straub if necessary.

Straub was aware that Meeder had agreed to plead guilty and that Meeder was prepared to testify against him at any trial.  The government believes that Straub's knowledge of Meeder's willingness to testify against Straub had an influence on Straub's subsequent decision to plead guilty as well.  And Straub did in fact enter a guilty plea before the Court.  See United States v. John Straub, 07-243 (HHK).

In light of Meeder's cooperation, the government moves for a three level downward departure pursuant to U.S.S.G. 5K1.1 because, in the government's opinion, defendant Meeder provided substantial assistance to the government in the prosecution of another individual.  If the Court grants the government's motion, defendant's total offense level of 13 (PSR, para. 30) would be reduced to a total offense level of 10 and would make defendant eligible for a Zone B sentence.

When fashioning an appropriate sentence, the Court should consider the factors set forth in 18 U.S.C. sec. 3553(a).  As described herein, defendant committed a series of very serious crimes. He does not, however, have any criminal history and does not appear to be at high risk of recidivism. He has accepted responsibility for his actions and appears genuinely remorseful.  Under these circumstances, the government does not oppose a sentence at the bottom end of the adjusted Guideline range (level 10), that is, a non-custodial term of supervised probation.  The government

requests that, as part of any probationary period it may impose, that it order defendant to perform at least 100 hours of community service.

III.  Restitution

       As part of the plea agreement, defendant is required to pay restitution to CIW in the amount of $78,385.95 and the Court should so order.

                            Respectfully submitted,

                            JEFFREY A. TAYLOR
                            UNITED STATES ATTORNEY
                            D.C. BAR # 498610

By:           _____/s/_____
                            STEVEN J. DURHAM
                            ASSISTANT U.S. ATTORNEY
                            Fraud and Public Corruption Section
                            555 4th Street, N.W.
                            Washington, D.C. 20530
                            steven.durham@usdoj.gov
                            (202) 514-8316