# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-CR-212-01 (HHK) |
| | : | |
| v. | : | |
| | : | |
| PAUL MEEDER, | : | VIOLATION: |
| | : | |
| | : | 18 U.S.C. §§ 1341, 2 |
| Defendant. | : | (Mail Fraud, Causing an Act |
| | : | to be Done, Aiding and Abetting) |

## MEMORANDUM OF DEFENDANT
## PAUL MEEDER IN AID OF SENTENCING

Defendant Paul Meeder, by and through undersigned counsel, hereby submits this

Memorandum In Aid Of Sentencing to assist the Court in determining Mr. Meeder's sentence.

As set forth below, the Government submits and Mr. Meeder agrees, that this Court may, and

should, sentence Mr. Meeder to a non-custodial term of supervised probation on the low end of

six to twelve months.

## I.    THE OFFENSE

On September 11, 2007, Mr. Meeder pled guilty to one count of Mail Fraud and Aiding and

Abetting, in violation of 18 U.S.C. §§ 1341 and 2.  The facts surrounding that violation are detailed

in the Presentence Investigation Report and the Government's Memorandum in Aid of Sentencing

and are hereby incorporated by reference.

- 1 -

## II.    CALCULATION OF THE ADJUSTED OFFENSE LEVEL AND SUGGESTED SENTENCE FOR MR. MEEDER

The applicable adjusted offense level pertaining to Mr. Meeder's offense is thirteen (13) which would suggest a sentence of 12 to 18 months under the Federal Sentencing Guidelines.

### A.    Suggested Terms of Custody for Mr. Meeder

On January 10, 2008, the United States of America, by and though its attorney, the United States Attorney for the District of Columbia, moved for a three (3) level downward departure pursuant to U.S.S.G. sec. 5K1.1 based on Mr. Meeder's "cooperation and substantial assistance in prosecuting another responsible party." Govn't Memo., pg. 1.

Mr. Meeder respectfully joins the Government in its request for "a sentence at the bottom end of the adjusted Guidelines range (level 10), that is, a non-custodial term of supervised probation." *Id.*

In acting to defraud his employer, Mr. Meeder demonstrated very poor judgment. However, Mr. Meeder has admitted his wrongdoing and has taken affirmative steps to remedy his actions. After Mr. Meeder's actions were discovered at the Carnegie Institute, he took out a home equity loan on his residence, and on January 5, 2006, Mr. Meeder in fact repaid $29,543.11 to the Carnegie Institute. On March 22, 2007, Mr. Meeder received a letter from the U.S. Department of Justice regarding "theft from the Carnegie Institution." After securing and consulting with counsel, Mr. Meeder agreed to be interviewed by and provide information to the Government on July 30, 2007. At that meeting Mr. Meeder discussed in detail his and Mr. Straub's actions, answering truthfully each and every question posed to him by the Government. On August 21, 2007, after receiving Mr. Meeder's input, the Government filed a one-count information against him in this

Court. On September 11, 2007, Mr. Meeder pled guilty to the Information, agreeing to make restitution to the Carnegie Institute in the amount of $78,385.95. Mr. Meeder also agreed to testify against co-defendant Mr. Straub if called upon to do so.

The Government has acknowledged Mr. Meeder's cooperation in this matter, noting that "[t]he government believes that Straub's knowledge of Meeder's willingness to testify against Straub had an influence on Straub's subsequent decision to plead guilty as well," and that "Meeder provided substantial assistance to the government in the prosecution of another individual." Govn't Memo., pg. 4.

In addition to the Court considering the facts that Mr. Meeder cooperated with the Government and has accepted responsibility for his actions, Mr. Meeder asks that the Court also consider the following equitable considerations in determining his sentence.

*First*, Mr. Meeder is ready and willing to make full restitution to the Carnegie Institute. Mr. Meeder owes the Carnegie Institute $78,385.95.[1] Govn't Memo, pg. 5. In order to make restitution Mr. Meeder is liquidating his entire retirement account, which currently has a balance of approximately $106,311.85. PSR, ¶ 51. However, after assessing taxes and penalties for early withdrawal, the proceeds from Mr. Meeder's retirement account will not be enough to pay the

---

1 The restitution figure put forth by the Carnegie Institute in its Victim Impact Statement is inconsistent with the one arrived at and agreed upon by the Government and Mr. Meeder as part of his guilty plea. Indeed, Mr. Meeder only became aware of the Carnegie Institute's restitution figure as of the date of this filing. Between May 14 and August 20, 2007, Mr. Meeder worked tirelessly with Steven J. Durham and his Criminal Investigator, Diane E. Eickman (an accountant), to arrive at a restitution amount supported by the records of the Carnegie Institute. Mr. Meeder worked with documents provided to him by the Government. Carnegie Institute has not provided the records nor any other evidence to this Court in support of the amount it now seeks. It would be incredibly prejudicial to Mr. Meeder to, at this juncture of the proceedings, add an additional $92,551.05 in restitution. Due process would be further offended by saddling Mr. Meeder with a 50% share of a forensic audit that included the activities of many other employees involved in the "culture of stealing" that pervaded Carnegie Institute at the time of the audit. Mr. Meeder asks that the Court order restitution in the amount previously agreed to as part of his plea agreement with the Government.

restitution in full. As Mr. Meeder does not have the financial wherewithal to pay the remaining balance as of the date of sentencing, he respectfully requests that the restitution order require a combination lump sum payment in the amount equal to the proceeds of his retirement account and partial payments at specified intervals.

*Second*, Mr. Meeder has no previous criminal history. Nor does there "appear to be [a] high risk of recidivism." Govn't Memo, pg. 4.

*Third*, Mr. Meeder has already been punished considerably. In paying the full amount of restitution, Mr. Meeder will be in financial ruin. As the Presentence Investigation Report indicates, Mr. Meeder's liabilities, on both a net and monthly basis, far outweigh his assets and income. Furthermore, Mr. Meeder is now a convicted felon. An accountant by trade, Mr. Meeder will find gainful employment in his field of expertise nearly impossible to obtain, severely handicapping his ability to earn income in the future. Mr. Meeder was fired from his job and has suffered and continues to suffer the shame and embarrassment associated with criminal activity.

*Fourth*, Mr. Meeder is the primary caregiver for his mother, who suffers from Parkinson's Disease. In October 2006, Mr. Meeder moved in with his mother to assist her with her medical needs. Since these proceedings began her health has deteriorated and as the Presentence Investigation Report notes, Mr. Meeder's conviction has only worsened her condition. If Mr. Meeder is allowed to avoid incarceration he will be able to continue to care for his ailing mother.

If this Court chooses to follow the recommendation of the U.S. Attorney's Office, based on an adjusted offense level of ten (10) and a criminal history category of I, Mr. Meeder's offense falls within Zone B of the Sentencing Table. *See* U.S.S.G. Chapter 5, Part A. Accordingly, Mr. Meeder

- 4 -

is eligible to receive a sentence of probation with no incarceration if the "court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention." U.S.S.G. § 5B1.1(a)(2). Mr. Meeder respectfully requests that any term of confinement imposed as part of his sentence be limited to home confinement. If the Court imposes a sentence of probation, the term of probation must be at least one year but not more than five years. *See* U.S.S.G. § 5B1.2(a)(1); 18 U.S.C. § 3561(c)(2).

Mr. Meeder accepts that if this Court follows the Government's suggested sentencing that he will be ordered to "perform at least 100 hours of community service." Govn't Memo., pg. 5.

B.    Suggested Fine for Mr. Meeder

Under the Guidelines, the fine range corresponding to Mr. Meeder's proposed adjusted offense level of ten (10) is $2,000 to $20,000. U.S.S.G. § 5E1.2(c)(3). However, "where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine," the Court can choose not to impose one. U.S.S.G. § 5E1.2(a). Mr. Meeder requests that, given his dire financial state, this Court not impose any additional fine beyond restitution.

If the Court chooses to impose a fine pursuant to the Guidelines, Mr. Meeders asks this Court to consider the following relevant factors:

- any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
- the burden that the fine places on the defendant and his dependents relative to alternative punishments;
- any restitution or reparation that the defendant has made or is obligated to make;
- whether the defendant previously has been fined for a similar offense; and

- any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d)(2), (3), (4), (6), (8).

Due to the nature of Mr. Meeder's offense, his full restitution to the victim, and his dim financial and employment situation, Mr. Meeder respectfully asks this Court not impose on him a fine in addition to the amount of restitution to be ordered. *See* U.S.S.G. § 5E1.2(a) and (c)(3).

## IV.    **CONCLUSION**

Mr. Meeder's offense carries an adjusted offense level of thirteen (13), which suggests a sentence of 12 to 18 months. The Government has motioned the Court for a three (3) level downward departure to ten (10) pursuant to U.S.S.G. sec. 5K1.1. Furthermore, the Government has indicated that it "does not oppose a sentence at the bottom end of the adjusted Guideline range (level 10), that is, a non-custodial term of supervised probation." Govn't Memo., pg. 4. For the reasons discussed above, Mr. Meeder respectfully asks that the Court follow the Government's guidance and sentence Mr. Meeder to a six (6) month non-custodial term of supervised release and to refrain from imposing a fine beyond restitution.

Respectfully submitted,

Thomas M. Buchanan
Scott D. Pluta
WINSTON & STRAWN
1700 K. Street, N.W.
Washington, D.C. 20006
(202) 282-5922

*Attorneys for Paul Meeder*

January 14, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, a copy of Memorandum of Paul Meeder In Aid Of

Sentencing was served by PACER and electronic mail to the following:

Steven J. Durham
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530

Scott D. Pluta

- 7 -

DC:543114.3